NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-12-0000814**
**23-MAY-2014**
**08:42 AM**

CAAP-12-0000814

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
BRADFORD B.L. LING, Defendant-Appellant.


APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(CASE NO. 3DTA-12-00083)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Fujise and Leonard, JJ.)

Defendant-Appellant Bradford B.L. Ling (Ling) appeals from the Judgment entered on August 27, 2012, in the District Court of the Third Circuit (District Court).[1] Ling was convicted of operating a vehicle under the influence of an intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(3) (Supp. 2013).[2] We affirm.

A police officer observed Ling's vehicle swerving while traveling in two lanes. The officer stopped Ling's vehicle and subsequently arrested Ling for OVUII. After placing Ling under

---

[1] The Honorable Andrew P. Wilson presided.

[2] HRS § 291E-61(a)(3) provides:

     (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

    . . .

    (3)    With .08 or more grams of alcohol per two hundred ten liters of breath[.]

arrest, the officer read to Ling a form entitled "Use of Intoxicants While Operating a Vehicle Implied Consent for Testing" (Implied Consent Form). Ling agreed to take a breath test, which showed that he had a breath alcohol concentration of .183 grams of alcohol per 210 liters of breath -- a concentration that exceeded the legal limit. Ling moved to suppress the results of his breath test, and his motion was denied by the District Court.

On appeal, Ling challenges the District Court's denial of his motion to suppress. Ling argues that: (1) because the police failed to give him Miranda warnings before reading the Implied Consent Form to him and obtaining his decision on testing, the results of his breath test should have been suppressed as the fruit of a Miranda violation; and (2) the results of his breath test should have been suppressed because the police misinformed him of his statutory right to an attorney under HRS § 803-9 (1993).

We recently rejected the same arguments in State v. Won, No. CAAP-12-0000858, --- Hawaiʻi ---, --- P.3d ---, 2014 WL 1270615 (Hawaiʻi App. Mar. 28, 2014) (as amended on May 2, 2014). Based on Won, we conclude that the District Court properly denied Ling's motion to suppress, and we affirm the District Court's Judgment.

DATED: Honolulu, Hawaiʻi, May 23, 2014.

On the briefs:

Jonathan Burge
for Defendant-Appellant

Kelden B.A Waltjen
Deputy Prosecuting Attorney
County of Hawaiʻi
for Plaintiff-Appellee

Robert T. Nakatsuji
Deputy Solicitor General
on the brief for Amicus Curiae
State of Hawaiʻi

*Craig H. Nakamura*
Chief Judge

Associate Judge

Associate Judge

2